UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| DANA P. MORSE, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. No. 09-208-P-H |
| | ) | |
| STATE OF MAINE, | ) | |
| | ) | |
|     Respondent | ) | |

**RECOMMENDED DECISION ON MOTION TO DISMISS WITHOUT PREJUDICE 28 U.S.C. § 2254 PETITION**

Dana P. Morse has filed a 28 U.S.C. § 2254 petition seeking relief from February 12, 2008, guilty-plea convictions for operating under the influence and aggravated forgery. In his petition Morse indicates that he filed an appeal to the Maine Law Court which was dismissed on January 29, 2009, because it was filed improperly by appointed counsel. He also indicates that he filed a petition for post-conviction review on October 15, 2008, and on April 20, 2009, he filed a brief in that proceeding. Morse represents that this petition is pending and the fact that this proceeding is still pending is a violation of his habeas corpus rights.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that … the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(B)(1)(A). The same section of the statute provides that there are exceptions to this rule if "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." Id. § 2254(b)(1)(B).

Even though it appeared from the face of Morse's petition that it was untimely, I ordered the State of Maine to answer out of an abundance of caution. The State of Maine has complied with this order seeking dismissal on the basis that Morse has yet to exhaust all of his 28 U.S.C. § 2254 claims. It has also provided the Court with a copy of the dockets for the underlying criminal proceeding and the post-conviction proceeding. Morse has responded with a brief memorandum that argues the Maine Courts have suspended the writ of habeas corpus and that there is an absence of an available corrective process within the meaning of 28 U.S.C. § 2254(B)(1)(b)(i) and that circumstances exist that render the state process ineffective to protect his right ala § 2254(B)(1)(b)(ii). "It is very simple," Morse opines, "The State must be ordered to provide the warrant and affidavit which initiated such accusations and supposed mandated probable cause. All else is then moot." (Opp'n Mot. Dismiss at 4.)

With respect to the record, the docket in the criminal matter reflects that the direct appeal was dismissed (as opposed to affirmed or granted) on January 29, 2009. The post-conviction docket shows that since Morse filed his April 20, 2009, brief (docketed on April 23, 2009) the State of Maine filed a motion to dismiss on May 15, 2009. (Doc. No. 8 at 14.) The docket also shows that Morse has filed multiple pro se motions in that proceeding. In short, the post-conviction proceeding docket is very active and there is no reason for this Court to believe that its resolution has been unduly delayed by the State or the Superior Court. See, e.g., Shelley v. Patrick, No. 3:05-cv-293-MBC-KAP, 2008 WL 2234639, 2 (W.D.Pa. May 30, 2008) ("In general, the ordinary lapse of time not attributable to a breakdown in the state's court system does not constitute 'circumstances' within the meaning of 28 U.S.C. § 2254(b)(1)(B)(ii) that render the state's process ineffective to protect petitioner's rights.").

I recommend that the Court dismiss this 28 U.S.C. § 2254 petition without prejudice. Morse may pursue 28 U.S.C. § 2254 relief -- if necessary -- once he has fully exhausted his state court remedies, relief that would include seeking discretionary review by the Maine Law Court of any determination made by the post-conviction court.  See Jackson v. Coalter, 337 F.3d 74, 85-87 (1st Cir. 2003).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

June 15, 2009